IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRAMAIN DONTA OSBEY, #M8299　　　　　　　　　　　　　　　PLAINTIFF

VS.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:12cv178-TSL-JMR

RANDY SMITH　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## REPORT AND RECOMMENDATION

This matter comes before this Court on the Motion to Dismiss [26] for Failure to Prosecute filed in this case by the Defendant, Randy Smith. Tremain Donta Osbey, Plaintiff, filed his complaint on March 13, 2012, asserting a various claims relating to his period of incarceration at the Pike County Jail, pursuant to 42 U.S.C. § 1983. On February 14, 2013, this Court entered a Notice of Electronic Filing [NEF] informing Osbey that an Omnibus Hearing was set for March 11, 2013, at the United States District Court in Jackson, Mississippi. The acknowledgment of receipt of this notice was filed on February 20, 2013. [25]. Osbey did not appear at the Omnibus Hearing, despite receiving notice.

Guided by the interests of justice, the Court reminds Osbey that under FED.R.CIV.P. 41(b): "If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997). The Court must be able to clear its calendars of cases that remain dormant because of the inaction of the parties seeking relief, to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.

A plaintiff, incarcerated or not, has an obligation to inform the court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing

obligation to notify the clerk of court of address changes." Uniform Local Rule 11(a); *see also Wade v. Farmers Ins. Group,* 2002 WL 1868133 *1 & n.12 (5th Cir. 2002). Considering the aforementioned circumstances, the Court recommends that the defendant's Motion to Dismiss [26] should be granted and this cause be dismissed pursuant to FED.R.CIV.P. 41(b), without prejudice.

## CONCLUSION

The Court recommends that the defendant's Motion to Dismiss [26] should be granted, and that this cause be dismissed pursuant to Fed.R.Civ.P. 41(b), without prejudice. In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than March 29, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been mailed to Osbey by certified mail, return receipt requested.

This the 15th day of March, 2013.

s/John M. Roper<br>
CHIEF UNITED STATES MAGISTRATE JUDGE